## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JEFFERY MITCHUM, ) | |
| ) | |
| Plaintiff, ) | Case No.: 18-cv-180 |
| ) | |
| v. ) | **CLASS ACTION COMPLAINT** |
| ) | |
| A1 DIABETES & MEDICAL SUPPLY, ) | **JURY DEMANDED** |
| INC. and DOES 1-20, ) | |
| ) | |
| Defendants. ) | |

Now comes the Plaintiff, JEFFERY MITCHUM, by and through his attorneys, and for his class action Complaint against the Defendants, A1 DIABETES & MEDICAL SUPPLY, INC. ("A1") and DOES 1-20, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENTS

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of A1, in negligently, knowingly and/or willfully placing through its agent(s), sales, solicitation and/or other telemarketing calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, specifically the National Do-Not-Call and internal do-no-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. According to the Federal Communications Commission's website, accessed on January 8, 2018 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects home voice or personal wireless phone numbers. You can register your numbers on the national Do Not Call list by phone or on the Internet at no cost… Callers are prohibited from making telephone solicitations to any numbers on the Do Not Call list. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers. Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register.

## JURISDICTION AND VENUE

3. This Court had jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Plaintiff resides within the Northern District of Illinois.

## PARTIES

5. Plaintiff is an individual who was at all relevant times residing in the City of Buffalo Grove, County of Cook, and State of Illinois.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

7. On information and belief, Defendant A1 is a corporation of the State of Tennessee, which is not authorized to do business in Illinois, and whose principal place of business is located in Memphis, Tennessee.

8. On information and belief, at all times relevant hereto, A1 was engaged in the marketing and sale of medical products and devices.

9. A1 is a "person" as defined by 47 U.S.C. § 153(39).

10. The true names and capacities of the Defendants sued herein as DOES 1-20 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged

herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## FACTS COMMON TO ALL COUNTS

11.     On or about November 29, 2010, Plaintiff successfully registered his telephone number with the National Do-Not-Call Registry.

12.     During or about February of 2017, A1 began placing unsolicited automated telemarketing telephone calls to Plaintiff.

13.     Plaintiff has not previously sought out A1's services nor has Plaintiff attempted to retrieve information from Defendant about its services.

14.     Over the course of about two weeks, Plaintiff received approximately eight automated telephone calls from A1. Automated calls were placed to Plaintiff by A1 on or about dates that include, but are not limited to February 14, 16, 20 and 27, 2017.

15.     Plaintiff tried calling the telephone number back which appeared on his caller ID in an effort to have his telephone number placed on A1's internal do-not-call list. Plaintiff also tried calling the telephone number listed on A1's website.

16.     Plaintiff was unsuccessful in having his telephone number placed on A1's internal do-not-call list.

## CLASS ALLEGATIONS

17.      Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class") defined as follows:

> All persons or entities within the United States who received any automated telephone calls, placed by or on behalf of Defendant A1, without the consent of the recipient, within four years prior to the filing of this Complaint.

18.     Plaintiff represents, and is a member of, the Sub-Class, defined as follows:

> All persons or entities within the United States who received any automated telephone calls, sent by or on behalf of Defendant A1, without the consent of the recipient, within four years prior to the filing of this Complaint, and whose telephone numbers were registered on the National Do-Not-Call list 31 or more days prior to such calls being placed.

19. Defendants, their employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and the Sub-Class, but believes the Class and the Sub-Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

20. The Class and the Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class and the Sub-Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and the Sub-Class include hundreds, if not thousands of members. Plaintiff alleges that the Class and the Sub-Class members may be ascertained by the records maintained by Defendant.

21. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and the Sub-Class are so numerous that joinder of the Class and the Sub-Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

22. There are questions of law and fact common to the Class and the Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and the Sub-Class predominate over questions which may affect individual Class or Sub-Class members and include, but are not necessarily limited to, the following:

      a.      Whether the Class members' telephone numbers were called by Defendants without Defendants having obtained prior express consent to place such calls;

      b.      Whether the Sub-Class members' telephone numbers were called by Defendants within 31 days after the Sub-Class members had registered their telephone numbers with the National Do- Not-Call Registry;

      c.      Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing automated telephone calls to the Class members without proper consent; and

      d.      Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing automated telephone calls to the Sub-Class members without proper consent.

23. As a resident of the United States whose telephone number was called by Defendants on multiple occasions without Plaintiff's prior express consent, and more than 31 days after Plaintiff had registered his telephone number on the National Do-Not-Call Registry, Plaintiff is asserting claims that are typical of the Class and the Sub-Class.

24. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class or the Sub-Class.

25. Plaintiff will fairly and adequately protect the interests of the members of the Class and the Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

26. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual

litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class and Sub-Class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

27. The prosecution of separate actions by individual Class and Sub-Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

28. Defendants have acted or refused to act in respect generally applicable to the Class and the Sub-Class, thereby making appropriate final and injunctive relief with regard to the members of the Class and the Sub-Class as a whole.

29. Defendants failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b), and 47 C.F.R. § 64.1200(c) and (d), as to the Class and the Sub-Class members with respect to the above-alleged transactions.

30. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party)

> using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

31. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

32. 47 C.F.R. § 64.1200(d) provides that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> …
>
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

33. In multiple instances, Defendants called the Class and Sub-Class members without the members' prior express consent, and after the members registered with the federal government's Do-Not-Call list, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

34. In addition, on information and belief, Defendants have not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

35. The size and definition of the Class and the Sub-Class can be identified through Defendants' records and/or Defendants' agents' records.

## COUNT I
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 35 above as if reiterated herein.

37. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c) and (d).

38. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

39. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 39 above as if reiterated herein.

41. The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c) and (d).

42. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

43. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as Class and Sub-Class Counsel;

c. An order requiring Defendants, at their own cost, to notify all Class and Sub-Class Members of the unlawful, unfair, deceptive and unconscionable conduct herein;

d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e. Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

    f.      An order for injunctive relief prohibiting such conduct by Defendants in the future;

    g.      Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

    h.      Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

JEFFERY MITCHUM

By:    /s/ David B. Levin
         Attorney for Plaintiff
         Illinois Attorney No. 6212141
         Law Offices of Todd M. Friedman, P.C.
         111 West Jackson Blvd., Suite 1700
         Chicago, IL 60604
         Phone: (312) 212-4355
         Fax: (866) 633-0228
         dlevin@toddflaw.com